United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Priscilla Lee Rasco, | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-01390 |
| | § | |
| Marne Boyle, | § | |
| Warden, Federal Prison Camp, | § | |
| Bryan, Texas, | § | |
|     *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Priscilla Rasco, a federal prisoner at the Federal Prison Camp in Bryan, Texas, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. The matter was referred to this magistrate judge for report and recommendation. Dkt. 3. After reviewing the petition and the law, the Court recommends that the petition be dismissed with prejudice.

## BACKGROUND

Rasco is currently serving a 10-year sentence delivered by the United States District Court for the Western District of Texas. Dkt. 1 at 1. With credit for good conduct, her projected release date is July 8, 2017. *Id.*

Rasco does not challenge the validity of her underlying conviction. Instead, she filed a boilerplate petition asserting that she is entitled to placement in a Residential Reentry Center (RRC) for the final 12 months of her sentence under the Second Chance Act of 2007, Pub. L. No. 110-199 (Apr. 9, 2008). *See id.* at 18.

## ANALYSIS

**A. The petition should be dismissed for failure to exhaust.**

Rasco has not attempted to obtain relief through the Administrative Remedy Program of the Federal Bureau of Prisons (BOP). *See* 28 C.F.R. §§ 542.10–542.19. A federal prisoner

seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (internal quotations omitted). A petitioner can avoid the exhaustion requirement by demonstrating the futility of seeking administrative review. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Rasco asserts that exhaustion would be futile because former BOP Director Harley Lappin "has taken a strong position on the issue [of allowing prisoners more than six months in an RRC] and has thus far been unwilling to reconsider." Dkt. 1 at 11. Rasco specifically refers to comments attributed to Lappin in 2008. *Id.* at 5, 14. Aside from eight-year-old comments made by a former director, Rasco presents no information demonstrating what position, if any, current BOP administration has taken on RRC placement periods. Rasco fails to demonstrate futility here; therefore, she must exhaust administrative remedies before the Court can consider her petition.

### B. Rasco fails to state a valid claim to habeas relief.

Even if Rasco's failure to exhaust were excused, her petition still fails on the merits. The Second Chance Act of 2007 amended 18 U.S.C. § 3264(c) to increase the possible term of RRC placement to a maximum of 12 months before a prisoner's projected release date. The Act also requires the BOP to assess prisoners for placement consistent with the five factors set forth in 18 U.S.C. § 3621(b). Like similar petitions recently filed in the Southern District of Texas, Rasco's petition fails to allege any specific facts that show the BOP has failed or refused to evaluate her for RRC placement.[1] The petition simply presents background information concerning the Second Chance Act and cites to BOP memoranda setting forth broad program guidance. No cognizable claim to habeas relief is apparent from the face of the petition.

---

[1] *See, e.g.*, *Bishop v. Boyle*, No. 16-758 (S.D. Tex. July 6, 2016); *Cornett v. Boyle*, No. H-16-1751 (S.D. Tex. July 1, 2016) (collecting cases). Indeed, the Southern District is not the only district in Texas to dismiss petitions of this kind on the merits. *See Brooks v. Chandler*, No. 4:14-CV-875-A, 2014 WL 5786954 (N.D. Tex. Nov. 5, 2014).

## **CONCLUSION**

For these reasons, the Court recommends that Rasco's petition be dismissed with prejudice, and a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on July 14, 2016.

_____
Stephen Wm Smith
United States Magistrate Judge